IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEO MONTANO,

    Plaintiff,

v.

                                                        Case No. 1:24-cv-00933-MIS-SCY

CITY OF ALBUQUERQUE,
LAWRENCE MONTE, and
GUSTAVO GOMEZ,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S NEW MEXICO CIVIL RIGHTS ACT CLAIMS**

THIS MATTER is before the Court on Defendants City of Albuquerque, Lawrence Monte, and Gustavo Gomez's Motion to Dismiss Plaintiff's New Mexico Civil Rights Act Claims, filed November 4, 2024. ECF No. 7. Plaintiff Leo Montano failed to respond. Upon review of the Motion and the relevant law, the Court will **GRANT** the Motion.

**I.    Background**[1]

Defendant the City of Albuquerque ("City") is "'local public body' as defined by . . . the [New Mexico Civil Rights Act]," N.M. Stat. Ann. § 41-4A-2. ECF No. 1 ¶ 2. At all times material to the Complaint, Defendants Lawrence Monte ("Sergeant Monte") and Gustavo Gomez were law enforcement officers for the Albuquerque Police Department ("APD"), id. ¶¶ 4, 15, 17, and Plaintiff was a civilian investigator employed by the City who had been assigned to investigate complaints of alleged police misconduct committed by APD officers, id. ¶ 65; see also, e.g., id. 94-95, 102-04 (indicating that Plaintiff was employed by the City).

---

[1]    The Court accepts the truth of all well-pleaded factual allegations in Plaintiff's Complaint and draws all reasonable inference in Plaintiff's favor.

Shortly prior to August 2, 2022, Plaintiff completed an investigation report regarding a police officer's alleged use of excessive force of handcuffs in order to restrain an individual ("Report"). Id. ¶ 66. After the Report was approved, it was submitted to the appropriate personnel for further processing. Id. ¶ 67. One of the individuals who received the Report was Sgt. Monte. Id. The Report apparently upset Sgt. Monte. See id. ¶ 68. Later the same day,

> Sgt. Monte approached Plaintiff where Plaintiff was sitting and in a harsh, pejorative, and condescending tone, Sgt. Monte asked Plaintiff, "do you even understand what resisted handcuffing is?" Sgt. Monte then ordered Plaintiff to his (Sgt. Monte's) office and he ordered Plaintiff to remain in his office while he (Sgt. Monte) left his office. Plaintiff was not told that he could leave Sgt. Monte's office and he reasonably believed that he was required to stay inside Sgt. Monte's office as he had been ordered by Sgt. Monte. Sgt. Monte then returned a few minutes later with a pair of silver handcuffs and he then ordered Plaintiff to stand up, ordered him to turn around, ordered him to place his right hand behind his back, and ordered Plaintiff to extend his left arm upward. Plaintiff was apprehensive and fearful about non-complying with Sgt. Monte's orders and he therefore complied with these orders from Sgt. Monte. At no time was Plaintiff told why he had been seized by Sgt. Monte, told to go to Sgt. Monte's office, ordered to remain in Sgt. Monte's office, and why he had been ordered to stand, turn around, put his right arm behind his back, and to extend his left arm upward. After complying with these orders by Sgt. Monte, Sgt. Monte then without explanation or warning -- and without Plaintiff's consent – then roughly, intentionally, willfully, and deliberately placed handcuffs that were excessively tight onto Plaintiff's left wrist which caused immediate pain to Plaintiff. Plaintiff told Sgt. Monte that he was in a great deal of pain and he requested that Sgt. Monte stop and that he be released. Sgt. Monte ignored Plaintiff's requests and intentionally, willfully, and deliberately, instead tightened the handcuffs on Plaintiff, causing additional and increased pain to Plaintiff. Plaintiff continued to protest and to tell Sgt. Monte that he was and [sic] in pain and he implored Sgt. Monte to stop. Sgt. Monte refused to release Plaintiff and ignored Plaintiff's entreaties, and instead intentionally, willfully, and deliberately began to further pull Plaintiff's handcuffed left arm/wrist/hand downward and across Plaintiff's body in an attempt to handcuff both of Plaintiff's hands together. These movements caused Plaintiff to experience additional pain and Plaintiff continued to protest and to tell Sgt. Monte that he was experiencing pain, and he continued to implore Sgt. Monte to stop and to release him. Plaintiff further told Sgt. Monte that he had shoulder problems which were now being reinjured and made painful and he requested Sgt. Monte stop and release him. Sgt. Monte nonetheless continued to ignore these pleas and instead intentionally, willfully, and deliberately continued to seize and to control the Plaintiff while he continued to forcefully handcuff Plaintiff's hands together. Only after several failed attempts by

>Sgt. Monte and several ignored entreaties to stop from the Plaintiff to Sgt. Monte did Sgt. Monte finally stop and release Plaintiff from his seizure and handcuffs.

Id. ¶ 70.  Sgt. Monte later completed a use of force/misconduct report in which he categorized his actions against Plaintiff as a handcuffing "demonstration" or a training event in which he was providing "feedback" and "instruction" to allow Plaintiff to have a "better understanding" and to "gain[] an understanding" of resisted handcuffing.  Id. ¶ 85.

On July 26, 2024, Plaintiff initiated this lawsuit by filing a Complaint for Personal Injuries and Deprivation of Constitutional and Civil Rights ("Complaint") in New Mexico state court.  ECF No. 1-1.  Counts I through III allege violations of Plaintiff's rights under the United States Constitution.  Id. ¶¶ 111-137.  Counts IV, V, VI, VIII, and IX (there is no Count VII) allege violations of Plaintiff's rights under the New Mexico Constitution, id. ¶¶ 138-71, and are asserted under the New Mexico Civil Rights Act ("NMCRA"), see id. ¶¶ 2, 13, 16, 17, 145, 152, 160, 166, 171.  Count X alleges violations of the New Mexico Tort Claims Act.  Id. ¶¶ 172-90.

On September 19, 2024, Defendants removed the case to the United States District Court for the District of New Mexico, invoking the Court's federal question jurisdiction.  ECF No. 1 ¶¶ 10(a), 11.

On November 4, 2024, Defendants filed the instant Motion to Dismiss Plaintiff's New Mexico Civil Rights Act Claims.  ECF No. 7.  Plaintiff did not respond.

**II.   Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if a complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." Id. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. Twombly, 550 U.S. at 555. Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1281 (10th Cir. 2021).

### III. Discussion

Defendants argue that N.M. Stat. Ann. § 41-4A-3(D) "specifically prohibits Plaintiff in this matter from bringing claims against the City pursuant to the NMCRA." ECF No. 7 at 2; see also id. at 4. Thus, he seeks a dismissal with prejudice of Counts IV, V, VI, VIII, and IX. Id. at 5.

"For claims arising after July 1, 2022, the New Mexico Civil Rights Act creates a cause of action for violations of rights, privileges or immunities secured pursuant to the bill of rights of the constitution of New Mexico." Denewiler v. Santa Fe Cnty. Adult Det. Facility, No. 22-CV-631-DHU-KRS, 2023 WL 2991068, at *3 (D.N.M. Apr. 18, 2023) (citing N.M. Stat. Ann. §§ 41-4A-3; 41-4A-12). The relevant provision states, in its entirety:

> A. A public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body shall not subject or cause to be subjected any resident of New Mexico or person within the state to deprivation of any rights, privileges or immunities secured pursuant to the bill of rights of the constitution of New Mexico.
>
> B. A person who claims to have suffered a deprivation of any rights, privileges or immunities pursuant to the bill of rights of the constitution of New Mexico due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain

4

      an action to establish liability and recover actual damages and equitable or injunctive relief in any New Mexico district court.

C. Claims brought pursuant to the New Mexico Civil Rights Act shall be brought exclusively against a public body. Any public body named in an action filed pursuant to the New Mexico Civil Rights Act shall be held liable for conduct of individuals acting on behalf of, under color of or within the course and scope of the authority of the public body.

D. <u>Individuals employed by a public body shall be prohibited from using the New Mexico Civil Rights Act to pursue a claim arising from the individual's employment by the public body.</u>

E. The remedies provided for in the New Mexico Civil Rights Act are not exclusive and shall be in addition to any other remedies prescribed by law or available pursuant to common law.

N.M. Stat. Ann. § 41-4A-3 (emphasis added).

Here, Counts IV, V, VI, VIII, and IX, all allege violations of rights secured under the Bill of Rights of New Mexico's Constitution, N.M. Const., art. II. Specifically, Counts IV and V allege violations of Plaintiff's right against unreasonable seizures under Article II, Section 10 of the New Mexico Constitution, <u>id.</u> ¶¶ 138-45, 146-52; Counts VI and VII allege violations of Plaintiff's right to free speech under Article II, Section 17 of the New Mexico Constitution, <u>id.</u> ¶¶ 153-60, 161-66; and Count IX alleges a violation of Plaintiff's right to due process under Article II, Section 18 of the New Mexico Constitution, <u>id.</u> ¶¶ 167-171. These claims are asserted under the New Mexico Civil Rights Act, <u>see id.</u> ¶¶ 2, 13, 16, 17, 145, 152, 160, 166, 171, and arise from Plaintiff's employment by the City as a civilian investigator, <u>see id.</u> ¶¶ 65-68, 70; <u>see also id.</u> ¶¶ 94-95, 102-04. Consequently, Counts IV, V, VI, VIII, and IX are barred by N.M. Stat. Ann. § 41-4A-3.

## IV.    Conclusion

Therefore, it is **HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's New Mexico Civil Rights Act Claims, ECF No. 7, is **GRANTED**, and Counts IV, V, VI, VIII, and IX are **DISMISSED WITH PREJUDICE**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE